*IN THE SUPREME COURT, STATE OF WYOMING*

**2017 WY 80**

*April Term, A.D. 2017*

**June 28, 2017**

| | |
|---|---|
| **BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR,** | |
| **Petitioner,** | |
| **v.** | **D-14-0001** |
| **ANDREA L. RICHARD, WSB No. 5-2848,** | |
| **Respondent.** | |

## ORDER REINSTATING ATTORNEY TO THE PRACTICE OF LAW

[¶1]     **This matter** came before the Court upon the "Report and Recommendation for Reinstatement," filed herein June 19, 2017, by the Board of Professional Responsibility for the Wyoming State Bar.  By order entered August 1, 2014, this Court suspended Respondent from the practice of law for a period of three years. *Board of Professional Responsibility, Wyoming State Bar v. Richard*, 2014 WY 98, 335 P.3d 1036 (Wyo. 2014). Respondent subsequently sought reinstatement.  Now, after a careful review of the Board of Professional Responsibility's Report and Recommendation for Reinstatement and the file, this Court finds that the Report and Recommendation should be approved, confirmed, and adopted by the Court; and that the Respondent, Andrea L. Richard, should be reinstated to the practice of law.  It is, therefore,

[¶2]     **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Reinstatement, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]  **ADJUDGED AND ORDERED** that the Respondent, Andrea L. Richard, be, and hereby is, reinstated to the practice of law in Wyoming, effective August 1, 2017; and it is further

[¶4]  **ORDERED** that, pursuant to Section 4(a)(iv) of the Disciplinary Code for the Wyoming State Bar, this Order Reinstating Attorney to the Practice of Law, along with the incorporated Report and Recommendation for Reinstatement, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶5]  **ORDERED** that the Clerk of this Court shall docket this Order Reinstating Attorney to the Practice of Law, along with the incorporated Report and Recommendation for Reinstatement, as a matter coming regularly before this Court as a public record; and it is further

[¶6]  **ORDERED** that the Clerk of this Court transmit a copy of this Order Reinstating Attorney to the Practice of Law to the members of the Board of Professional Responsibility and to the clerks of the appropriate courts of the State of Wyoming.

[¶7]  **DATED** this 28th day of June, 2017.

**BY THE COURT:***

/s/

**E. JAMES BURKE**
**Chief Justice**

*Justice Hill took no part in the consideration of this matter.

# IN THE SUPREME COURT
# STATE OF WYOMING

IN THE SUPREME COURT
STATE OF WYOMING
FILED

**JUN 19 2017**

PATRICIA BENNETT, CLERK
by DEPUTY

BOARD OF PROFESSIONAL ) 
RESPONSIBILITY, ) 
WYOMING STATE BAR, ) 
Petitioner, ) 
                          )     D-14-0001 
v. ) 
                          ) 
ANDREA L. RICHARD, ) 
WSB No. 5-2848, ) 
Respondent. ) 

## REPORT AND RECOMMENDATION
## FOR REINSTATEMENT

The Board of Professional Responsibility (the "Board") convened by telephone conference call on the 12th day of June, 2017, to consider the Petition for Reinstatement submitted by Respondent, Andrea L. Richard, and the Stipulated Motion for Reinstatement filed by Bar Counsel and Respondent. Present on the call were all members of the Board; Mark W. Gifford, Bar Counsel; Shannon Howshar, assistant to Bar Counsel; Brandi Robinson, Board Clerk; Respondent Andrea L. Richard; Melinda R. McCorkle, counsel for Respondent; and James R. Clary, Jr., one of Respondent's lawyers in prior proceedings before the Wyoming Supreme Court. The Board having reviewed the stipulation, the supporting affidavit of Respondent, the procedural history of the case as forth in the attachments, and being otherwise fully advised in the premises, finds and recommends as follows:

### Findings

1.      On May 3rd, 2017, Respondent filed a Verified Petition for Reinstatement.

2.     Respondent was admitted to the Wyoming State Bar in 1991 and practiced law continuously in Wyoming until 2014, when disciplinary proceedings initiated in 2009 culminated with an order suspending Respondent from the practice of law for three years, commencing August 1, 2014. *Board of Professional Responsibility v. Richard*, 2014 WY 98, 335 P.3d 1036 (Wyo. 2014).

3.     The order of suspension approved, confirmed and adopted the Board's report and recommendation filed January 2, 2014, which followed a disciplinary hearing before the Board held from July 29 through August 2, 2013.

4.     The matter came before the Board on Bar Counsel's Fourth Amended Formal Charge, which alleged that Respondent had violated various provisions of the Wyoming Rules of Professional Conduct in seven (7) different litigation cases during the years 2007 through 2012.

5.     Specifically, the Board and the Court found that Andrea Richard violated Wyo. R. Prof. Conduct 3.1, Meritorious Claims and Contentions, in the Fields matter, the AECOM matter, the Shindell matter and the Dorf matter. *Richard, supra*, 335 P.3d at 1052-53. The Board and the Court found that Andrea Richard violated Wyo. R. Prof. Conduct 3.2, Expediting Litigation, by failing to fulfill her obligation to expedite litigation in the Fields, AECOM, Sterrett and Haden matters. *Richard, supra*, 335 P.3d at 1054. The Board and the Court found that Andrea Richard violated Wyo. R. Prof. Conduct 3.3, Candor Toward the Tribunal, in the AECOM, Sterrett and Shindell matters. *Richard, supra*, 335 P.3d at 1055. The Board and the Court found that Andrea Richard violated Wyo. R. Prof. Conduct 3.4, Fairness to Opposing Party and Counsel in the Fields, AECOM, Sterrett, Haden, Miller and Dorf matters. The Board and the Court further found that Ms. Richard violated her obligations in Wyo. R. Prof. Conduct 3.5, Impartiality and Decorum of the Tribunal, in the Miller matter. *Richard, supra*, 335 P.3d at 1055. The Board and the Court

2

concluded that Ms. Richard violated Rule 8.4(c), Misconduct – involving dishonesty, fraud, deceit or misrepresentation by making misrepresentations concerning discovery and other matters in the AECOM, Sterrett, Haden and Shindell matters. *Richard, supra*, 335 P.3d at 1055. The Board and the Court likewise concluded that Andrea Richard violated Wyo. R. Prof. Conduct 8.4(d), Misconduct – conduct prejudicial to administration of justice in the AECOM, Sterrett, Shindell, Miller and Dorf matters. *Richard, supra*, 335 P.3d at 1055.

6.      The Board and the Court carefully considered the American Bar Association's Standards for Imposing Lawyer Discipline including the applicable aggravating and mitigating factors as set forth in detail in the Court's Order, *Richard, supra*, 335 P.3d at 1055-61. The Board recommended and the Court ordered a three year suspension, beginning August 1, 2014, plus the assessment of costs of the disciplinary proceedings and administrative fees. *Richard, supra*, 335 P.3d at 1063.

7.      In an Order issued on August 1, 2014, the Wyoming Supreme Court approved, confirmed and adopted the Board's report and recommendation, with Respondent's three year suspension to begin immediately. The Court ordered Respondent to reimburse the Wyoming State Bar for costs associated with the disciplinary proceedings in the amount of $ 41,770.76, as well as pay an administrative fee of $500.00.

8.      Respondent timely paid the costs and administrative fees ordered by the Court, and complied with and satisfied the requirements of Section 22 of the Disciplinary Code regarding notification of clients and opposing counsel, return of unearned fees, and security of records.

9.      On May 3, 2017, Respondent filed a Verified Petition for Reinstatement.

10.     Because this matter originated with formal charges that were filed prior to the July 1, 2015, effective date for the Rules of Disciplinary Procedure, the reinstatement provisions of the

3

Disciplinary Code for the Wyoming State Bar apply to this proceeding. Section 24 of the Disciplinary Code, "Reinstatement After Suspension or Disbarment," provides as follows:

> (b) An attorney who has been suspended for a specific period of greater than six (6) months may petition the BPR for reinstatement no sooner than ninety (90) days prior to the expiration of the period specified in the order of suspension unless another period is specified in the order, which petition shall include a certification that:
> (i) all past annual license fees, the current year's annual license fee and any late charges have been paid in full, in addition to all past and current annual fees for continuing legal education;
> (ii) the attorney is current on all mandatory continuing legal education requirements;
> (iii) there have been no claims or awards made in regard to an attorney on the client's security fund for which the fund has not been reimbursed; and
> (iv) the attorney has complied with all other applicable conditions for reinstatement.
>
> ******
>
> (e) A fee of five hundred dollars ($500.00) shall accompany the filing of a petition for reinstatement by a suspended attorney. * * * In addition, the Court may order that the necessary expenses incurred in the investigation and processing of a motion for reinstatement be paid by the respondent.
> (f) Following receipt of a petition for reinstatement, Bar Counsel and the attorney may stipulate to reinstatement by submitting to the BPR a written stipulation and affidavit of the attorney which provides a detailed description of the factual basis for compliance with the elements detailed below in subsection (g). Any such stipulation shall be approved or disapproved by the BPR. If the stipulation is approved, a report and recommendation shall be transmitted to the Court. If accepted by the Court, the Court shall issue its order stating that the attorney is reinstated to the practice of law, which may include any conditions the Court deems appropriate.

11. In her affidavit of factual basis submitted with the Petition for Reinstatement, Respondent provided satisfactory evidence of her eligibility and suitability for reinstatement, including:

a. Respondent paid all costs and administrative fees required by the 2014 order of suspension. Respondent has paid the $500.00 filing fee for the present petition for reinstatement.

b. Since her 2014 suspension, Respondent has paid all required annual license fees, including the license fee for 2016-2017.

4

c.     Since her 2014 suspension, Respondent has remained compliant with her annual Continuing Legal Education (CLE) requirements, including the 2016 period just ended and 2017.  Among the classes the Respondent has attended in the past three years was the Bar-sponsored ethics course "Pathways to Professional Practice," (September 10, 2015).  Respondent also completed Bar accredited CLE courses including: "The Do's and Don'ts of Ethical Supervision under the Wyoming Rules of Professional Responsibility, (July 6, 2016); "What do the Proposed Changed to the WRCP Mean to Your Practice?" (September 1, 2016); "Basic Mediation Training," (30.25 hours commencing October 24, 2016); "A Conversation with the Court" (November 2, 2016).

d.     Respondent has acknowledged that prior to her suspension, her practice had evolved to an unhealthy state with too many cases and inadequate resources to give each matter the time it merited.  Respondent has committed substantial time and energy during her suspension to attaining insight and a new perspective on the importance of achieving a balanced and centered life.  Those efforts have included attendance at classes, presentations and workshops at Respondent's church; counseling (something that was recommended in the Board's report and recommendation); and a ten (10) week, intensive business skills course through Central Wyoming College.

e.     Respondent has accepted responsibility for the conduct that led to her suspension and is cognizant of the shortcomings upon which the Board based its decision to impose the suspension.  Specifically, Respondent has carefully reviewed the 2014 Order of Suspension.  Respondent has made careful study of the Rules of Professional Conduct, including those Respondent was found to violate in the suspension proceeding, and will endeavor to conduct herself in all respects in vigilant compliance with those Rules.  Respondent is aware of the Bar's

5

Ethics Hotline, and will not hesitate to contact Bar Counsel for guidance as specific questions arise.

f. In addition, Respondent has several mentors upon whom she will not hesitate to call for guidance as the need arises.

g. If reinstated, Respondent intends to focus her practice on Guardian Ad Litem work, mediation and select litigated matters. Respondent intends to participate in Guardian ad Litem training. Thus, if reinstated Respondent plans to serve her community by offering two practice areas that are very needed by members of the public.

h. Respondent has reviewed resource material provided by the Wyoming State Bar and the Office of Bar Counsel and has compiled these materials in a binder for use as a reference source.

12. Bar Counsel met with counsel for Respondent and Respondent on April 20, 2017 in Cheyenne. Respondent was candid and forthright about her remorse, her commitment to rehabilitation and her desire not to repeat the conduct and behaviors that led to her suspension.

13. During the June 12, 2017, conference call with the Board, Respondent was similarly candid and forthright about her remorse, her commitment to rehabilitation and her desire not to repeat the conduct and behaviors that led to her suspension. She responded in an open and satisfactory manner to the Board's questions regarding her rehabilitation and acceptance of responsibility for her prior misconduct.

WHEREFORE, for the reasons stated in the Stipulated Motion for Reinstatement, Petition and accompanying Affidavit, the Board recommends that Respondent be reinstated to the practice of law.

6